JERUSHA B. ROGERS, RESPONDENT, v. SUSAN N. WARRINGTON, APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

1. In New Jersey, the fee in the lands over which highways have been laid, is in the abutting owner.
2. The owner of the fee, for the soil in the highway, may maintain an action of ejectment against any person wrongfully taking or claiming exclusive possession of the same.
3. By the statute (*Comp. Stat., p.* 2056, ¶ 13), in an action of ejectment for land occupied by the defendant, a plea of not guilty admits such possession as excludes the plaintiff.

---

On appeal from the Supreme Court.

For the appellant, *Kaighn & Wolverton.*

For the respondent, *George M. Hillman.*

The opinion of the court was delivered by

BLACK, J. This was an action of ejectment. The record shows, however, that the plaintiff was the owner of a lot of land upon which her dwelling-house was erected, situate on the south side of Main street, at the forks of the road known as Perkins Corner, in Moorestown, Chester township, Burlington county, New Jersey. The suit was brought to recover possession of the land, in the public highway, in front of the plaintiff's lot.

The defendant erected a public drinking fountain, or watering trough, in the highway, the fee of which was owned by the plaintiff. The suit was brought to recover that portion of the highway, thus appropriated by the defendant, by the erection of the drinking fountain, or watering trough. The answer defends the action, as to a part of the premises claimed in the complaint, viz., the portion thereof, within the lines of the Main street, occupied by the public drinking fountain, erected by consent of the municipal authorities, as to which part the defendant denies the truth of the matters contained in the complaint. By force of the statute (*Comp. Stat., p.* 2056, ¶ 13), the plea for the purpose of this action is an admission that the defendant was in possession of the premises, for which she defends. *French* v. *Robb,* 67 *N. J. L.* 260; *Jacobson* v. *Hayday,* 83 *Id.* 537.

The case was tried by the court at the Circuit, without a jury, resulting in a judgment for the plaintiff; the damages being assessed at six (.06) cents. The plaintiff's title to the fee of the premises in question being conceded, the plea admitting the defendant was in possession, the ruling of the trial court was not error in giving judgment for the plaintiff.

It is the accepted law of this state that lands on which streets and highways have been laid the fee is in the abutting owner. *Hoboken Land and Improvement Co.* v. *Mayor, &c., of Hoboken,* 36 *N. J. L.* 540; *Starr* v. *Camden, &c., Railroad Co.,* 24 *Id.* 592.

It also has long been the settled law of this court that the owner of the soil in such cases may maintain an action of

ejectment against any person wrongfully taking or claiming exclusive possession of the same.

All the cases are in harmony on this point: *Wright* v. *Carter*, 27 *N. J. L.* 76; *Hoboken Land and Improvement Co.* v. *Mayor, &c., of Hoboken, supra; French* v. *Robb, supra; Bork* v. *United New Jersey Railroad and Canal Co.*, 70 *N. J. L.* 268; *Moore* v. *Camden, &c., Railway Co.*, 73 *Id.* 599; *Johanson* v. *Atlantic City Railroad Co., Id.* 767.

Whether the drinking fountain, or watering trough, is an additional servitude on the land to that of the highway, is not before us for consideration on this record. We, therefore, express no opinion on that point. Finding no error in the record, the judgment of the Supreme Court is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.